UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD NEWMAN,

     Plaintiff,

     v.                               CAUSE NO. 3:25cv970 DRL-SJF

WASH *et al.*,

     Defendants.

OPINION AND ORDER

Donald Newman, a prisoner without a lawyer, filed a complaint alleging he was subjected to excessive force in violation of the Eighth Amendment when he was tased on October 13. 2025. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Newman, who is housed at the Miami Correctional Facility, alleges that, on October 13, 2025, he attempted to get medical treatment because he had thrown out his back. ECF 1 at 2. He asserts Officer Wash and another officer responded to his request. *Id*. Mr. Newman states that when the officers arrived, Officer Wash pulled out his TASER and pointed it at him while the other officer handcuffed him. *Id*. He asserts he continued

to ask for medical help because he was unable to stand on his own. *Id*. Officer Wash then proceeded to tell him to stand up and return to his cell while he was handcuffed. *Id*. Mr. Newman told the officers he could not stand up because he had thrown out his back. *Id*. He asserts that Officer Wash then fired his TASER, which was painful and caused his back to be thrown out even more. *Id*. Officer Wash and several other officers removed the TASER probes themselves and did not call a nurse to assist them. *Id*. He asserts Officer Wash used an excessive amount of force when he fired his TASER at him. *Id*.

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Id*. Here, additional fact finding may demonstrate that the force used against Mr. Newman was not excessive, but giving him the benefit of the inferences to which he is entitled at this stage of the case, he has plausibly alleged an Eighth Amendment claim of excessive force against Officer Wash.

Mr. Newman next asserts that Officer Wash denied him medical treatment for his back. ECF 1 at 2. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a

prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is viewed as "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Prisoners are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (citation omitted), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[T]he Eighth Amendment does not require that prisoners receive unqualified access to health care." (citation and quotations omitted)). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267.

Here, giving Mr. Newman the inferences to which he is entitled at this stage of the proceedings, he has stated a claim against Officer Wash for denying him medical treatment after he had thrown out his back and could not stand on his own. Furthermore, though the removal of TASER probes without medical assistance won't always give rise to a claim, giving Mr. Newman his fair inferences, he has stated a claim against Officer

3

Wash for denying him medical treatment when he removed the TASER's probes without the assistance of medical staff.

As a final matter, Mr. Newman has sued the Miami Correctional Facility. However, the prison is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he may not proceed against the Miami Correctional Facility.

For these reasons, the court:

(1) GRANTS Donald Newman leave to proceed against Officer Wash in his individual capacity for compensatory and punitive damages for using excessive force against him on October 13, 2025, in violation of the Eighth Amendment;

(2) GRANTS Donald Newman leave to proceed against Officer Wash in his individual capacity for compensatory and punitive damages for denying him medical treatment after he had thrown out his back and could not stand on his own on October 13, 2025, in violation of the Eighth Amendment;

(3) GRANTS Donald Newman leave to proceed against Officer Wash in his individual capacity for compensatory and punitive damages for denying him medical treatment when he removed the TASER probes without the assistance of medical staff on October 13, 2025, in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES the Miami Correctional Facility;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Wash at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of the defendant, if he does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Wash to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

April 10, 2026                    *s/ Damon R. Leichty*
                                 Judge, United States District Court